Erjona KRUJA, Petitioner,

v.

Alberto R. GONZALES, Respondent.

No. 06–3523–ag.

United States Court of Appeals,
Second Circuit.

April 6, 2007.

Joshua Bardavid, New York, New York, for Petitioner.

Peter D. Keisler, Assistant Attorney General, James A. Hunolt, Senior Litigation Counsel, Stacey I. Young, Trial Attorney, Office of Immigration Litigation, Washington, District of Columbia, for Respondent.

PRESENT: Hon. WILFRED FEINBERG, Hon. PIERRE N. LEVAL, Hon. CHESTER J. STRAUB, Circuit Judges.

### SUMMARY ORDER

Petitioner Erjona Kruja, a native and citizen of Albania, seeks review of the June 29, 2006 order of the BIA affirming the March 14, 2005 decision of Immigration Judge ("IJ") Helen J. Sichel denying petitioner's application for asylum and withholding of removal. *In re Erjona Kruja,* No. A78 731 363 (B.I.A. June 29, 2006), *aff'g* No. A78 731 363 (Immig. Ct. N.Y. City Mar. 14, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA does not expressly "adopt" the IJ's decision, but its brief opinion closely tracks the IJ's reasoning, we may consider both the IJ's and the BIA's opinions for the sake of completeness if doing so does not affect our ultimate conclusion. *Jigme Wangchuck v. DHS,* 448 F.3d 524, 528 (2d Cir.2006). We review *de novo* questions of law and the application of law to undisputed fact. *See Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d

Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir.2004). Because the BIA assumed Kruja's credibility, we also will assume, but not determine, her credibility. *Cf. Yan Chen v. Gonzales,* 417 F.3d 268, 271–72 (2d Cir.2005).

■ Our review of the record leads us to conclude that the agency's decision was properly supported and should not be disturbed. Although Kruja correctly contends that the IJ and the BIA did not make specific reference to the events that took place after she left Albania in January 2000, given the agency's acknowledgment of the threats against Kruja and her family, Kruja's argument that the agency ignored significant aspects of her testimony is not persuasive. *See Xiao Ji Chen v. U.S. Dept. of Justice,* 471 F.3d 315, 338 n. 17 (2d Cir.2006). Furthermore, while neither the IJ nor the BIA made specific reference to any country reports outside of the IJ's brief discussion of an article from an Albanian newspaper that Kruja submitted, there is no indication, contrary to Kruja's assertion, that the agency failed to properly consider the relevant country conditions information. *Id.; see also Hoxhallari v. Gonzales,* 468 F.3d 179, 187 (2d Cir.2006).

Moreover, while Kruja's brief refers to various reports that discuss generally poor country conditions in Albania, there was no evidence in the record that Democratic Party supporters suffered the type of persecution alleged by Kruja. In fact, the 2004 Department of State report noted that while security forces sometimes committed human rights abuses, there were no political killings, no reports of politically motivated disappearances, and no reports of detainees held strictly for political reasons. It is true that the agency should not "place excessive reliance on published reports of the Department of State," *Tian–Yong Chen,* 359 F.3d at 130; however, the other reports to which Kruja points covered periods of time at least four years before her March 2005 asylum hearing and were not particularly descriptive of the prevailing situation in Albania.

■ Kruja's argument that the IJ erred in relying on *In re A–E–M–,* 21 I. & N. Dec. 1157 (BIA 1998), also is unpersuasive. The IJ did not cite this case because it was factually similar to Kruja's claim, but only for the proposition that "an applicant's fear of persecution is undercut when … her family remains in the native country unharmed." *Id.* at 1160. The IJ properly concluded that such was the case here where Kruja's mother and sister continue to live in Albania without incident. *See also Melgar de Torres v. Reno,* 191 F.3d 307, 313 (2d Cir.1999).

As for the agency's failure to discuss the beating Kruja's father suffered in September 2000, *In re A–E–M–* also provides guidance. In that case, the BIA acknowledged that friends of the applicant had been killed on account of a political opinion that they shared with the applicant; however, the BIA also noted that those killings happened eight years before the asylum hearing, and that country conditions had changed significantly since that time.

■ Kruja's case is similar as the beating happened over four years before the March 2005 asylum hearing, and the country conditions in Albania underwent a similarly dramatic change. *See, e.g., Latifi v. Gonzales,* 430 F.3d 103, 106 n. 1 (2d Cir. 2005) (per curiam). Further, even if the agency did err by failing to consider the September 2000 beating, such error was harmless as that incident did not significantly bolster the reasonableness of Kru-

**32**

ja's fear of return in light of the changed country conditions. *See Xiao Ji Chen,* 471 F.3d at 338–39. Accordingly, the agency's finding that Kruja failed to demonstrate that her fear of return was objectively reasonable was supported by substantial evidence.

 As Kruja failed to meet her burden of proof for asylum, and as her withholding claim is premised on the same facts, she necessarily fails to meet the higher burden of proof required for withholding. *See* 8 U.S.C. § 1231(b)(3)(A); *Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006). Moreover, Kruja did not apply for relief under the Convention Against Torture before the IJ, and therefore that issue was not properly exhausted before the agency and is not reviewable by this Court. *See Ivanishvili v. U.S. Dep't of Justice,* 433 F.3d 332, 343 (2d Cir.2006). To the extent that she raises such a claim here, we dismiss the petition for review.

For the foregoing reasons, the petition for review is DENIED in part and DISMISSED in part. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.